UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00594 PA (JDEx) | Date | November 3, 2023 |
|---|---|---|---|
| Title | Jardine Gougis v. Chichiung Chiu | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On October 4, 2023, the Clerk entered a default against Defendant Chichiung Chiu ("Defendant") and the Court issued an Order directing Plaintiff to file a motion for default judgment or other dispositive motion on or before November 6, 2023. (Docket Nos. 17 & 18.). On November 1, 2023 Defendant filed a Motion to Dismiss the Complaint. (Docket No. 19.). Accordingly, the Court vacates in October 4, 2023 Order and issues the following Order to Show Cause.

As stated above, the Court is in receipt Defendant's Motion to Dismiss the Complaint. (Docket No. 19) This Court maintains a firm policy of reducing unnecessary motion practice and requires counsel to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Local Rule 7-3. Local Rule 7-3 provides:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.
>
> If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00594 PA (JDEx) | Date | November 3, 2023 |
|---|---|---|---|
| Title | Jardine Gougis v. Chichiung Chiu | | |

    Local Rule 7-3 imposes upon the counsel for the moving party the obligation to contact opposing counsel, and imposes upon the non-moving party the obligation to participate in good faith in the conference of counsel.  The Court orders counsel to meet and confer no later than November 10, 2023.  The Court specifically notes that the parties should discuss and address whether Defendant is properly named in this action since the defendant claims he does not own the property or operate the restaurant at issue in the Complaint.

    By no later than November 13, 2023, the parties shall file a Joint Report attesting to their meet and confer efforts and setting forth specific points of disagreement raised during the Local Rule 7-3 conference.  The Joint Report should specifically address the following issues:  (1) whether the Defendant should be a party to this action given Defendant's claim that he neither owns the property or operates the restaurant at issue; (2) whether the default entered by the Clerk on October 4, 2023 should be set aside now that the Defendant has appeared in this matter; and if so, (3) whether the Court should set a briefing schedule on Defendant's Motion to Dismiss.  Counsel are admonished that the failure to make a good faith effort to reach a resolution or the taking of unreasonable and intractable positions during the meet and confer process may result in dismissal of the action, and/or the imposition of monetary sanctions.  Future violations of the Local Rules, Federal Rules of Civil Procedure, or the Court's orders may also result in the imposition of sanctions.

    Moreover, Local Rule 83-1.3 provides that it "shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two of more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."  Local Rule 83-1.3 also states that the Notice of Related Cases "must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another."

    Here, Plaintiff's counsel did not file a Notice of Related Case and the Civil Cover Sheet and answered "No" to the questions asking if there is a related or identical case despite Plaintiff's counsel having previously filed a nearly identical action in Case No. CV 22-326 DFM.  (Docket No. 1.)

    Plaintiff's counsel is ordered to show cause why he should not be sanctioned up to $2,000.00 for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 22-326 DFM on the Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00594 PA (JDEx) | Date | November 3, 2023 |
|---|---|---|---|
| Title | Jardine Gougis v. Chichiung Chiu | | |

Cover Sheet.  Responses to this Order to Show Cause shall be filed no later than **November 13, 2023.**

    IT IS SO ORDERED.